IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC DEL BARRIO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-05-460 |
| | § | |
| JOE D. DRIVER, | § | |
|     Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS AS MOOT**

Pending is respondent's motion to dismiss the instant habeas corpus petition as moot. (D.E. 6). Based on the foregoing discussion, it is respectfully recommended that respondent's motion to dismiss as moot be granted.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2255.

## II. BACKGROUND

On September 6, 2005, petitioner filed a writ for habeas corpus relief challenging the calculation of his anticipated release date from custody by the Federal Bureau of Prisons ("BOP"). (D.E. 1). Petitioner alleged that the BOP failed to credit him for time served prior to his sentencing, which totaled approximately seventy-six days. (D.E. 1, at 2).

Respondent claims that, upon receipt of the summons in the instant case, the BOP determined that petitioner was indeed entitled to credit for time he had served while he awaited sentencing. (D.E. 6, at 1). Upon this discovery, the BOP recalculated his release date, and in fact, released petitioner on October 27, 2005. Id.

Respondent filed the instant motion to dismiss petitioner's habeas writ as moot on October 31, 2005. (D.E. 6). Respondent included, in his motion to dismiss as moot, two exhibits from the BOP. Id. The first exhibit is a printout from the BOP's inmate locator system that indicates petitioner was released from BOP's custody on October 27, 2005. (D.E. 6, Attach. A, at 1). The second exhibit titled "Public Information: Inmate Data" includes the following information: (1) petitioner was sentenced to twenty-four months of incarceration; (2) his sentence computation was updated on October 27, 2005; (3) his statutory release date was projected to be October 16, 2005; and (4) his sentence was satisfied on October 27, 2005. (D.E. 6, Attach. B, at 1).

Petitioner has not filed a response to respondent's motion for summary judgment.[1]

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

## III.  DISCUSSION

Article III of the United States Constitution vests the federal courts with the judicial power to hear cases and controversies.  U.S. Const. art. III, § 2.  The Supreme Court has held that the case or controversy requirement of Article III, "limits the business of federal courts to 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.'"  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Flast v. Cohen, 392 U.S. 83, 95 (1968)).  The doctrine of mootness ensures that federal courts are presented with issues that they have the ability to resolve.  Id. at 396-97.  A case becomes moot "'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"  Id.  (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

In this case, the Court must determine whether the release of petitioner from custody renders the issues raised in his habeas petition moot.  An individual in federal custody may file a habeas action challenging the validity of his detention.  28 U.S.C. § 2255.  The custody requirement of § 2255 grants jurisdiction to federal courts over habeas petitions.  The jurisdiction of a federal district court over a habeas petition is "not defeated by the release of the petitioner prior to the completion of proceedings on such application."  Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

The release of petitioner from BOP's custody does not invalidate this Court's jurisdiction over the case.  However, the issue of mootness calls into question the Court's ability to adjudicate the case.  Interpreting the Immigration and Nationality Act, the Fifth Circuit has held that "[i]n instances where a litigant's primary stake in the outcome becomes moot–<u>typically in habeas cases where petitioner is released while the case is still pending</u>–federal courts will allow the suit to proceed only where some 'collateral consequence' of the litigation's outcome persists."  <u>Alwan v. Ashcroft</u>, 388 F.3d 507, 511 (5th Cir. 2004) (emphasis added) (citation omitted).  The Supreme Court has explained that "[o]nce the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained."  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (citing <u>Carafas</u>, 391 U.S. at 237-38) (refusing to extend the presumption of a collateral consequence to the revocation of parole).

Petitioner's habeas petition requests that the Court order the BOP to recalculate his sentence, and credit him with approximately seventy-six days of time served.  (D.E. 1, at 2-3).  The BOP, upon receipt of the summons in this case, recalculated petitioner's sentence to include seventy-six days of credit for time served.  (D.E. 6, at 1).  Based on the recalculation, the BOP determined that petitioner had satisfied his sentence, and released him.  <u>Id.</u>

The issues and relief sought by petitioner, in his habeas petition, no longer appear to be ripe due to the recalculation by BOP, and his subsequent release by the BOP. Petitioner's habeas application does not challenge the validity of his underlying conviction, but rather it challenges the computation of his time served. There is no indication that petitioner will suffer any continuing, collateral consequences. Indeed, petitioner has received the relief sought in his habeas petition, and therefore, it is respectfully recommended the Court find the issues presented in his case are now moot.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss as moot be granted.

Respectfully submitted this 1st day of December 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2255 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).